(34 Misc. Rep. 638.)

CODY et al. v. WHITE.

(Supreme Court, Special Term, New York County. April, 1901.)

1. MECHANIC'S LIEN—FILING CLAIM.
   A contract for an excavation on the premises of defendant provided that any additional work should become a part of it. The work was completed and paid for, when the contractor, more than 6 months thereafter, filed a lien for extra work already completed when the contract was settled. *Held*, that it was filed too late.

2. SAME—FORECLOSURE—PERSONAL JUDGMENT.
   Where, in an action to foreclose a lien, the builder is not entitled to it because filed too late, he can obtain no personal judgment against the owner, as such right to judgment depends on the validity of the lien, and ceases when the lien is invalid.

Action by Richard J. Cody and others against Henriette K. White on a contract whereby plaintiffs were to excavate and remove certain rock and dirt on the premises of the defendant for $3,600. Plaintiffs sued to recover for three items of extra work, as follows: (1) For excavating area; (2) for building a retaining wall around the premises; (3) for digging a trench. The defendant denied that the item No. 1 was extra work, denied that any contract was entered into with plaintiffs for building the retaining wall, and admitted the item No. 3. Judgment for defendant.

Albert F. Hunt, for plaintiffs.
A. L. & S. F. Jacobs, for defendant.

FREEDMAN, J. Upon the evidence which I find entitled to be believed, I find that the work of excavating the area on Columbus avenue and Eightieth street was part of the original contract, and that the plaintiffs were paid all they were entitled to under the terms of the original contract. No deduction was made for not completing in time, or for not having excavated the cellar to a uniform depth of 10 feet. The question was adjusted between the parties so far as the original contract was concerned, and the de-

fendant cannot now recover back anything on account of imperfect performance in the respects mentioned. I also find that the build-ing of the retaining wall was not part of the original contract, and that the defendant did not request the plaintiffs to build the same, or agree with them that they should build it, but that the defend-ant procured an Italian to build the same, and paid him for it. This leaves only the item of the digging of the trench for the sewer con- nection, which is conceded to have been extra work of the value of $200. This work was completed in August, 1898, and the lien was not filed until April 27, 1899, which was too late, if the extra work was to be considered the result of an independent contract. The original contract, however, provides that any addition or omis-sion shall be added to or deducted from it, and become part of the original contract. The question, then, arises when the original con-tract was completed. There is a conflict of evidence upon this point, which should be determined in favor of the contention of the de-fendant, namely, that it was completed by September 1, 1898. But, independently of that, it certainly must be held to have been fully completed at the time when the differences arising under it were adjusted between the parties, and the plaintiffs received the balance found due to them thereunder. This was some time in August or September, 1898. In either aspect, therefore, the lien was filed too late, and it had no validity. The question, then, remains wheth-er the plaintiffs should not have at least a personal judgment for $200. Under the decision of the appellate division in McDonald v. Mayor, 58 App. Div. 73, 68 N. Y. Supp. 462, this cannot be done, because the action to enforce a mechanic's lien is a statutory one, in which the right to a personal judgment against the person liable for the debt is mainly incidental to the main purpose, and depends entirely upon the validity of the lien. As to said extra work, there-fore, the plaintiffs must be left to their remedy by a common-law action. Upon the whole case the complaint must be dismissed upon the merits, with costs. Judgment is directed to be entered in favor of the defendant and against the plaintiffs dismissing the complaint upon the merits, and in accordance with this decision, together with costs to be taxed.

Judgment for defendant, with costs.